(C.D. 4310)

JAPAN FOOD CORPORATION *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 23, 1971)

*Glad & Tuttle* (*Hudson F. Edwards* and *George R. Tuttle* of counsel) for the plaintiff.

*L. Patrick Gray III*, Assistant Attorney General (*Robert E. Burke* and *Steven P. Florsheim*, trial attorneys), for the defendant.

Before WATSON, MALETZ and RE, Judges

WATSON, Judge: This protest places in issue the classification of merchandise described on the invoice as "Japanese Joss Stick (MANNENKO)."

The merchandise was exported from Japan and entered at the port of San Francisco in 1966.[1] It was classified as other incense pursuant to item 790.37 of the Tariff Schedules of the United States and assessed with duty at the rate of 8 per centum ad valorem. Plaintiff claims the merchandise is classifiable as joss sticks pursuant to item 790.35 of said tariff schedules and hence entitled to entry free of duty.

The central issue in this case is whether or not the importations come within the common meaning of the term "joss sticks."

It is interesting to note that the word "joss" in the term "joss stick" refers to the figurine or idol before which the incense in stick form was burned. Further, it appears that joss is a pidgin English corruption of the latin word "deus." Webster's Third New International Dictionary (1968 edition) attributes the origin of this term to "preacher general," presumably a usage developed by Christian missionaries.

The testimony of the sole witness herein relates primarily to the witness' knowledge concerning the sale and distribution of the im-

---

[1] The entry herein was liquidated less than 60 days after appraisement. We follow the holding in *John V. Carr & Son, Inc.* v. *United States*, 66 Cust. Ct. 316, C.D. 4209, 326 F. Supp. 973 (1971), and consider the liquidation valid and the protest based thereon timely.

ported merchandise in his capacity as the northern California sales manager of Japan Food Corporation. The testimony is insufficient to establish a special commercial meaning for the term joss stick and plaintiff has not pursued this line of argument.

Of crucial importance to the resolution of this case is the decision in *J. M. Da Rocha* v. *United States*, 26 CCPA 78, T.D. 49613 (1938). That case settled the meaning of "joss stick" under paragraph 1703 of the Tariff Act of 1930. This court discussed the term joss stick as follows:

"Joss stick" is defined by the lexicographers as follows:

A small stick or perfumed pastil consisting of a hardened paste made from the dust of various kinds of scented wood mixed with clay, used in Chinese temples and houses as incense before the idols, as a slow-match in measuring time at night, for lighting pipes, etc. [The Century Dictionary and Cyclopedia.]

A reed covered with a paste made of the dust of odoriferous woods, or a cylinder made wholly of the paste. Joss sticks are burned by the Chinese as incense before idols, etc. [Webster's New International Dictionary.]

In the Summary of Tariff Information, 1929, compiled by the United States Tariff Commission for the use of the Committee on Ways and Means of the House of Representatives, Vol. II, p. 2397, we find the following:

DESCRIPTION AND USES.—Joss sticks are reeds covered with a paste made from the dust of odoriferous woods, or cylinders made wholly of such paste. They are used by the Japanese and the Chinese in their religious services as slow matches in the measuring of time at night, and for lighting pipes. By other people they are widely used as deodorizers.

There is no evidence of record, nor do counsel for appellant contend, that the involved merchandise, of which Exhibit 1 is representative, is composed of "reeds covered with a paste *made from the dust of odoriferous woods*." or that it consists of "cylinders made wholly of such paste." * * * [Emphasis quoted.]

The above clearly limits the scope of joss sticks to incense in stick form made from the paste of odoriferous woods. Plaintiff argues that this limitation has not been carried forward into the Tariff Schedules of the United States and contends that the change of language in the incense provision vitiates the effect of the above case.

The change in language which took place is as follows: Paragraph 1703 of the Tariff Act of 1930, part of the free list, reads "Joss stick or joss light." The competing provisions involved herein read as follows:

| Incense (including joss sticks): | | |
|---|---|---|
| 790.35 | Joss sticks | Free |
| 790.37 | Other | 8% ad val. |

The explanatory notes to schedule 7, part 13 contained in the Tariff Classification Study of the United States Tariff Commission at page 471, explains the new provision for incense as follows:

> Incense in the form of joss sticks or joss lights is now free of duty under paragraph 1703, and this duty-free treatment is continued in item 790.35. Other incense is now dutiable as an article manufactured in whole or in part, not specially provided for, under paragraph 1558 at the rate of 10 percent ad valorem. The trade in this incense is large enough to justify the specific provision for incense in the new schedule. This is done in item 790.37.

We do not discern in the language of the TSUS any change of a sufficiently weighty character to indicate that a change in the established meaning of the term "joss sticks" has been intended. On the contrary, there has only been what can best be called an organizational change, bringing together ordinary incense and joss sticks in the same place in the tariff schedules. The term "joss sticks" has not been changed and moreover, the indication is given that the tariff treatment of said "joss sticks" is a direct continuation of that existing under the Tariff Act of 1930.

Plaintiff has cited the case of *Fynaut & Popek* v. *United States*, 23 CCPA 265, T.D. 48112 (1936), for the proposition expressed therein that "ordinarily, a change in the language of a statute imports a change in meaning unless the contrary is made plainly to appear in other ways." In that case, a change of language from "chicory * * * roots," to "chicory, crude," was held to indicate the intention to broaden this language to cover chicory leaves. As noted above, the language "joss sticks" has been maintained without modification, leading us to conclude that this is certainly not the type of change which works a change in meaning. See also, *United States* v. *American Brown Boveri Electric Corporation*, 17 CCPA 329, T.D. 43776 (1929).

In light of the above, it remains evident that the provision for joss sticks in the Tariff Schedules of the United States retains the meaning of that term as clearly set forth in the case of *J. M. Da Rocha* v. *United States*, *supra*, and that joss sticks are a type of incense in stick form made from the dust of odoriferous woods. There is no proof in the record that the importations meet this description and are composed of the dust of odoriferous woods. In light of the clear definition set forth in the *Da Rocha* case, *supra*, we do not feel it necessary to cite further lexicographic authorities.

In conclusion, we find the importations were properly classified as other incense pursuant to item 790.37 of the TSUS and the protest must accordingly be overruled.

A claim in the protest regarding incense in coil form was not further pursued, is deemed abandoned and consequently dismissed.

Judgment will issue accordingly.